UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FAITH WOODS and ANGELA DUFF | ) | |
| | ) | |
| Plaintiffs, | ) | Cause No. 1:24-cv-00241-HAB |
| | ) | |
| v. | ) | |
| | ) | |
| MCDOWELL TRANSPORT, LLC, | ) | |
| SCOTT MCDOWELL, and | ) | |
| KIMBERLY MCDOWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs, proceeding pro se, sued Defendants after Rafael Woods was killed in a trucking accident while performing services for Defendants. (ECF No. 1). Plaintiffs allege that Woods' estate is entitled to workers' compensation benefits and seeks $100,000 in damages for Woods' two minor children. (*Id.*)

Federal courts are courts of limited jurisdiction and thus, it is incumbent upon the Court to ensure that it has jurisdiction to adjudicate the dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiffs have the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs have not met this burden from the face of the Complaint. (ECF No. 1).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*,

482 U.S. 386, 392 (1987). Plaintiffs' Complaint (ECF No. 1) does not appear to state a claim under any federal law. Tort actions and probate matters derive exclusively from state law. So too, workers' compensation is a creature of state law.

A fair and liberal reading of the Complaint's allegation reveals that Plaintiffs only have state-law claims against Defendants. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. So for this Court to have jurisdiction over Plaintiffs' state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, Plaintiffs must establish that each defendant is a citizen of a state different from all plaintiffs to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000.

Although Plaintiffs request over $75,000 for Wood's children, the parties do not appear to be of diverse citizenship. According to Plaintiffs' Complaint, all parties are citizens of Indiana. Complete diversity is lacking.

Plaintiffs' Complaint has other deficiencies. Although Plaintiffs may represent themselves pro se, they may not represent any other people or an estate. *See, e.g.*, *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2015) (noting one pro se litigant cannot represent another); 28 U.S.C. § 1654 (allowing parties to "conduct their own cases personally or by counsel"); *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("Although individuals have a right to proceed pro se, administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate."); *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (to protect the interests of the minor party, "a next friend may not, without

the assistance of counsel, bring suit on behalf of a minor party."). Plaintiffs are seeking to represent either Woods' estate or his minor children. That they cannot do without counsel themselves.

If Plaintiffs are bringing suit on behalf of Rafael Woods' estate, there is another threshold issue. There is no sign that either plaintiff is the personal representative of Woods' estate. The personal representative has the exclusive authority to bring an action on behalf of the probate estate—not the estate itself. Actions to recover the personal estate or its value must be brought by the executor or administrator, and not by the heirs, legatees, or distributees. *Baker v. State Bank of Akron*, 44 N.E.2d 257, 261 (Ind. App. 1942). To maintain an action on behalf of Woods' estate, the plaintiff must be the estate's personal representative. Even if one of them is the personal representative, the Court reminds them that they must still have counsel unless they are the sole beneficiary. *See Malone*, 474 F.3d at 937.

That said, the Court will give Plaintiffs the benefit of the doubt and allow them to fix these deficiencies. Plaintiffs have thirty (30) days from the date of this Order to file an amended complaint that adequately establishes subject matter jurisdiction. In the same period, Plaintiffs must retain counsel to prosecute this action. If this action is being brought on behalf of Woods' estate, the plaintiff must be the estate's personal representative. The Court also cautions Plaintiffs that if they fail comply with this Order, the Court will dismiss the case without further notice.

For these reasons, the Court:

(1) AFFORDS Plaintiffs thirty (30) days from the date of this Order to file an amended complaint that adequately establishes subject matter jurisdiction and to retain counsel to prosecute this case on behalf of either Robert Woods' estate or his minor children. If the action is being brought on behalf of Robert Woods' estate, the plaintiff must also establish that they are the

estate's personal representative. Unless the personal representative is the sole beneficiary of Robert Woods' estate, they must still retain counsel; and

(2) CAUTIONS Plaintiffs that if they do not file an amended complaint which establishes subject matter jurisdiction or otherwise fail to comply with this Order within thirty (30) days, this Court will dismiss the case without further notice.

So ORDERED on June 18, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT